IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RESHAN SAVAGE BEY,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 24-CV-1786** |
| | : | |
| **AYLSSA AMOROSO,** *et al.*, | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 20th day of June, 2024, upon consideration of Plaintiff Reshan Savage Bey's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is hereby **ORDERED** that:

1. The motion for leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Reshan Savage Bey, #845494, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Philadelphia Detention Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Bey's inmate account; or (b) the average monthly balance in Bey's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Bey's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Bey's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Philadelphia Detention Center.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED**, *in part*, **with prejudice, and,** *in part*, **without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons set forth in the Court's Memorandum as follows:

   a. All claims against Defendants Alyssa Amoroso and the City of Philadelphia are **DISMISSED, with prejudice**.

   b. The false arrest, false imprisonment, and First Amendment retaliation claims against Defendants Sgt. Bryan Carney, Anthony Michetti, and Grabov based on the May 4, 2022 investigative stop are **DISMISSED, with prejudice**.

   c. All claims based on Bey's conditions of confinement following his June 7, 2022 arrest and the November 15, 2023 hearing are **DISMISSED, without prejudice**. No leave to amend these claims will be granted in this case, but Bey may bring a *new* civil action to assert any conditions of confinement claim against an appropriate defendant who was personally involved in an alleged denial of his constitutional rights.

   d. The false arrest and false imprisonment claims against Defendants Sgt. Bryan Carney, Anthony Michetti, and Grabov based on Bey's June 7, 2022 arrest are **DISMISSED, without prejudice**.

6. The Clerk of Court is **DIRECTED** to terminate Alyssa Amoroso and the City of Philadelphia as Defendants.

7. Bey may file an amended complaint within thirty (30) days of the date of this Order to attempt to reassert the false arrest and false imprisonment claims against Defendants Sgt. Bryan Carney, Anthony Michetti, and Grabov based on Bey's June 7, 2022 arrest. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Bey's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Bey should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as set forth in the Court's Memorandum. Bey may not reassert any claim that has already been dismissed with prejudice from this case. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is further **DIRECTED** to send Bey a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Bey may use this form to file his amended complaint if he chooses to do so.

9. If Bey does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its

discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10.   If Bey fails to file any response to this Order, the Court will conclude that Bey intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).