IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RESHAN SAVAGE BEY** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-1786 |
| | : | |
| **AYLSSA AMOROSO,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 DECEMBER 12, 2024

       In a prior Memorandum, the Court dismissed the Complaint filed by Reshan Savage Bey, a pretrial detainee housed at the Philadelphia Detention Center. *See Bey v. Amoroso*, No. 24-1786, 2024 WL 3071065, at *1 (E.D. Pa. June 20, 2024). Specifically, the following claims were dismissed with prejudice: (1) all of Bey's claims against Defendants ADA Amoroso and the City of Philadelphia; and (2) his false arrest, false imprisonment and First Amendment retaliation claims against Defendant Septa Police Officers Bryan Carney, Anthony Michetti, and Grabov based on a May 4, 2022 investigative stop. *Id.* at *9. Bey's claims based on conditions of confinement after his June 7, 2022 arrest and November 15, 2023 hearing were dismissed without prejudice, but with no leave to amend those claims in this case.[1] *Id.* Bey's claims against Carney, Michetti, and Grabov based on the June 7, 2022 arrest and detainment were dismissed without prejudice and Bey was granted leave to file an amended complaint if he was able to cure the defects the Court identified in his false arrest and false imprisonment claim related to the June 7, 2022 arrest. *Id.* Bey returned with an Amended Complaint (ECF No. 13) on October 29, 2024. For the

---

[1]    Bey was instructed to bring a new civil action if he sought to pursue those claims against a defendant who was personally involved in a violation of his constitutional rights.

reasons set forth, the Amended Complaint is dismissed, *in part,* with prejudice, on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bey's Fourth Amendment claim arising from the June 7 arrest will be stayed because it cannot proceed at this time.

I.     **FACTUAL ALLEGATIONS**[2]

In his original Complaint, Bey asserted that Defendant Carney conducted an investigation of an April 29, 2022 gun-point robbery at 15th and Market Streets in Philadelphia that violated his rights. (Comp. at 19-20, 29.) Bey went to SEPTA police headquarters on April 30, 2022, and was interviewed. (*Id*. at 19.) The victim allegedly failed to identify Bey from a photo lineup. (*Id*. at 19-20.) Nonetheless, Bey asserts he was unlawfully detained for about 20-45 minutes on May 4, 2022 by Defendant Grabov at 15th and Market Streets when allegedly there was no warrant for his arrest on robbery charges, before being released. (*Id*. at 13, 19.) Then, on June 7, 2022 at the same location, Defendant Michetti approached Bey and asked him for identification, stating there was a warrant for Bey's arrest. (*Id*. at 13.) When Bey asked to see the warrant, Michetti refused to produce it or describe the basis for the warrant. (*Id*. at 13, 20.) When Bey produced identification

---

[2] The facts set forth in this Memorandum are taken from Bey's Amended Complaint (ECF No. 13). Background information is also cited from Bey's original Complaint (ECF No. 2). The Court adopts the pagination assigned to each submission by the CM/ECF docketing system. Other than a brief introduction, the Court will not review factual allegations that are relevant to claims that have already been dismissed with prejudice, or any claim that Bey was instructed to pursue in a separate civil action. Bey's factual allegations are repetitive and the Court will cite to the first time an allegation is asserted.

Finally, the Court notes that Bey docketed an "affidavit" the day before his Amended Complaint was docketed. (*See* ECF No. 14.) The affidavit consists entirely of sovereign citizen verbiage. The Court has already warned Bey that "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *Bey*, 2024 WL 3071065, at *7 (citing *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), report and recommendation adopted, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars")). Thus, the Court will not consider anything in this "affidavit."

showing his name as Reshan I. Savage, he was arrested for the April 29 robbery, but the charges were later dismissed for lack of evidence on November 15, 2022. (*Id*. at 13.) Bey asserted constitutional claims based on false arrest and false imprisonment due to the May 4 investigative stop – previously dismissed with prejudice, and the June 7th arrest. (*Id*. at 16, 19-23.)

In the Amended Complaint, Bey again alleges that the June 7 stop violated his rights. He alleges he was approached by Defendant Michetti while waiting at a bus stop at 15th and Market Streets, and Michetti informed him that there was a warrant for his arrest. (Am. Compl. at 9.) Bey's person and his book bag were searched. (*Id*.) He was arrested by Michetti, assisted by two other non-defendant Septa Police Officers. (*Id*.) He received no *Miranda* warnings. (*Id*. at 11.) He asserts that Michetti, acting in concert with Defendant Carney, was aware that the robbery victim had not identify Bey as the offender. (*Id*. at 10.)

On September 27, 2024, Bey received discovery materials in his criminal case that did not contain hospital/medical reports, documentation about how he was arrested on June 7, an arrest warrant, or any "written or recorded confessions statements proving any illicit agreements." (*Id*.) Bey asserts the package did contain an "invalid" affidavit of probable cause by Michetti that Bey had already received from his criminal defense attorney. (*Id*.) He asserts that the attorney's provided copy of the affidavit showed it was printed on May 13, 2022, which he contends means that it was a "forgery/forging of documentation and falsifying documents to falsely arrest or imprison" him. (*Id*.) He asserts that Michetti violated his Fourth Amendment rights by arresting him on June 7 because Michetti told him incorrectly that his body-worn camera was activated, asked Bey for identification, and told him there was a warrant for his arrest.[3] (*Id*. at 11, 12.) He

---

[3] Bey also mentions the Eighth Amendment and repeats his assertions that his rights were violated by Michetti who was "the affiant on the invalid/forged affidavit of probable cause" and who arrested him even though he was aware that the victim failed to identify Bey as the offender. (Am. Comp. at 12.)

3

alleges that Michetti failed to produce a warrant and affidavit of probable cause when Bey asked for them or tell Bey why he was being arrested. (*Id*. at 11.) He alleges that Michetti had no probable cause to arrest him. (*Id*.) He claims the failure to read him *Miranda* warnings violated his Fifth Amendment rights. (*Id*.) He also claims his Sixth Amendment rights were violated because Michetti denied him "the right to face his accusers/victim/complainant," apparently a reference to an "on-the-scene witness" of the April 22 robbery. (*Id*. at 12.)

Defendant Carney allegedly testified falsely at a preliminary hearing on June 12, 2024, when he stated that he did not know if there was a warrant to arrest Bey during the May 4 stop. (*Id*. at 6.) He also testified falsely that he had "constant run-ins" with Bey, even though Bey contends they had never encountered each other before the May stop. (*Id*. at 8.) Bey appears to allege that, due to this testimony, the pending charges were held over for trial and his bail was increased. (*Id*.) During the June 7 arrest, Carney accused Bey of the April gun-point robbery. (*Id*.) Bey's allegations concerning Defendant Grabov concern the May 4, 2022 arrest only, which were previously dismissed with prejudice. (*Id*. at 13-14.) He seeks money damages for his claims. (*Id*. at 15.)[4]

Publicly available court dockets reflect that Bey was charged under the name of Rashan Savage with robbery involving the infliction of serious bodily injury, recklessly endangering another person, simple assault, theft by unlawful taking, and related charges. *Commonwealth v. Savage*, MC-51-CR-9513-2022 (M.C. Philadelphia). At a preliminary hearing on June 9, 2022,

---

Because Bey is a pretrial detainee the Eighth Amendment does not apply to his claim. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). His claim is properly presented as a Fourth Amendment claim.

[4]   Bey attached to his Amended Complaint, *inter alia*, a notice to the United States Attorney General and an inmate grievance form asserting that no court has jurisdiction over him and asking prison officials to inform the United Nations and the United States Marshal. (*Id*. at 25-26, 28.) There is no clear connection between Bey's claims and these materials.

the charges were held for court. On October 19 and 26, 2022, orders were entered to conduct a mental health evaluation to determine whether Bey was competent to stand trial. At another preliminary hearing on November 15, 2022, the charges were dismissed for lack of evidence and Bey was released from custody. The criminal complaint was then refiled on December 9, 2022 but dismissed for lack of prosecution on March 27, 2023. The charges were refiled again on April 12, 2023 but again dismissed for lack of prosecution on June 6, 2023. Finally, the charges were reinstated on August 11, 2023 and on February 15, 2024, an order was entered committing Bey to the custody of the Philadelphia Department of Prisons. The associated public docket from the Philadelphia Court of Common Pleas in *Commonwealth v. Savage*, CP-51-CR-0004246-2024 (C.P. Philadelphia), indicates that Bey, who is proceeding *pro se* with stand-by counsel, filed a motion to dismiss the charges, which was denied on August 22, 2024, and a motion to suppress evidence on November 25, 2024, which remains pending. Bey remains in custody with a motions hearing scheduled for December 31, 2024 and a waiver trial currently scheduled for March 3, 2025. (*Id.*)

## II.     STANDARD OF REVIEW

Because Bey has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss an amended complaint if it fails to state a claim. The court must determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021)

*abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Bey is proceeding *pro se*, this Court construes the allegations of the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 245 (3d Cir. 2013)).

### III.   DISCUSSION

Bey again asserts constitutional violations based on false arrest and false imprisonment stemming from the June 7 arrest.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.   Fifth Amendment Claim

Bey asserts a § 1983 claim based on the failure to read him *Miranda* warnings when he was arrested on June 7, in violation of his Fifth Amendment rights.  *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966) (holding that when engaging in a custodial interrogation, police officers must inform a suspect that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning, if he so desires").  This claim must be dismissed, with prejudice, because the United States Supreme Court has held that *Miranda* violations do not "provide[] a basis for a claim under § 1983." *Vega v. Tekoh*, 142 S. Ct. 2095, 2101 (2022); *see also id*. at 2108 (reasoning that "a violation of *Miranda* is not itself a

violation of the Fifth Amendment" and finding "no justification for expanding *Miranda* to confer a right to sue under § 1983").

### B. Sixth Amendment Claim

Bey also claims that his Sixth Amendment rights were violated because Michetti denied him "the right to face his accusers/victim/complainant," apparently a reference to an "on-the-scene witness" of the April 22 robbery. (Am. Compl at 12.) This claim is also not plausible. The Confrontation Clause of the Sixth Amendment guarantees the right to confront witnesses presented against the criminally accused. U.S. Cons. amend XI. While not entirely clear, the Court understands Bey to be alleging his confrontation rights were violated because the victim did not initially identify him as the suspect at the time of the incident, or perhaps because the victim was not present to identify him when he stopped on May 5 or when he was arrested on June 7.

The Confrontation Clause bars the admission in court of "testimonial statements of witnesses absent from trial," unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). The *Crawford* prohibition "applies only to testimonial hearsay" that is admitted at trial to establish the truth of the matter asserted in the statement. *Davis v. Washington*, 547 U.S. 813, 823-24 (2006); *see also Crawford*, 541 U.S. at 60 n.9. A testimonial statement is a statement that a reasonable person in the position of the declarant would objectively foresee might be used in the investigation or prosecution of a crime. *See United States v. Hinton*, 423 F.3d 355, 360 (3d Cir. 2005). The fact that Bey was not "confronted" with his accuser "on-the-scene" of his arrest on June 7, or at the prior May 4 *Terry* stop, or when the victim failed to identify him in a line up at the time of the crime does not implicate the Confrontation Clause because none of these events involves in-court testimonial statements.

7

### C. False Testimony Claim

Bey asserts that this rights were violated when Defendant Carney allegedly testified falsely at a preliminary hearing on June 12, 2024, when he stated that he did not know if there was a warrant to arrest Bey at the time of the May 4 stop, (Am. Compl. at 6.), and when he allegedly testified falsely that he had "constant run-ins" with Bey, even though Bey contends they had never encountered each other before the May stop. (*Id*. at 8.) This claim is not plausible because Carney is protected by absolute witness immunity.

Individuals are entitled to absolute immunity from civil rights claims based on testimony in court, including at pretrial hearings. *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) ("[W]e conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial."); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988) (stating that witness immunity is "firmly bottomed in public policy" citing *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) (holding that under absolute witness immunity a convicted defendant could not state a claim for damages under § 1983 against a police officer who had allegedly given perjured testimony at the defendant's criminal trial)). Accordingly, this portion of the claims against Carney will be dismissed with prejudice.

### D. Fourth Amendment Claims

The Court previously informed Bey that to state a plausible claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts to show plausibly that he was arrested without probable cause. *Bey*, 2024 WL 3071065 at *7 (citing *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be

8

arrested." *Id.* "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Id.* (quoting *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) and *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). "To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." *Id.* (quoting *Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023)) (citation omitted); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*).

Because the allegations in the Amended Complaint make clear that Bey's false arrest claims are intertwined with his pending state court criminal charges, the claims are not properly brought at this time. Under the doctrine of abstention developed in *Younger v. Harris*, 401 U.S. 37 (1971), there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The specific elements of *Younger* abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Exception to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

Here, all three *Younger* criteria are met in the allegations regarding Bey's false arrest and false imprisonment claims. First, the state criminal proceeding is still pending. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Bey an adequate opportunity to argue in the state forum that he should be released because he was arrested without probable cause. This Court may assume that the state procedures will afford Bey an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Further, there is nothing in the Amended Complaint to indicate that Bey falls within any of the narrow exceptions to the *Younger* doctrine. Accordingly, it is appropriate for this Court to abstain from entertaining the false arrest and false imprisonment claims out of deference to the state judicial process. *Accord Zimmerman v. Leek*, No. 23-220, 2024 WL 3695334, at *3 (W.D. Pa. July 18, 2024), *report and recommendation adopted*, 2024 WL 3691889 (W.D. Pa. Aug. 7, 2024) (holding that because he was still awaiting trial on underlying arrest, plaintiff's false arrest, false imprisonment, illegal search and seizure, and malicious prosecution claims were subject to *Younger*); *Quintero v. City of Reading Police Dep't*, No. 24-3025, 2024 WL 3653051, at *5 (E.D. Pa. Aug. 5, 2024) ("Because Quintero has an opportunity to raise his Fourth Amendment challenges in his state criminal proceeding . . ., the Court will stay his Fourth Amendment claims for damages against the Officer Defendants until that proceeding is resolved."); *Miller v. Broaddas*, No. 22-2738, 2022 WL 2986714, at *2 (E.D. Pa. July 28, 2022) ("All three *Younger* criteria are met in the allegations regarding Miller's false arrest, false imprisonment, and illegal search claims."); *Galloway v. Kane*, No. 15-1007, 2015 WL 3953112, at *1, 4-5 (M.D. Pa. June 29, 2015) (*Younger* abstention was required where plaintiff sued various state law enforcement

officials for false arrest because ruling on those claims would require the Court to intervene in an ongoing state court criminal case). Accordingly, Bey's remaining Fourth Amendment claim involving the June 7 arrest will be stayed pending the outcome of his criminal proceeding.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss, with prejudice, Bey's Fifth and Sixth Amendment claims, and his claim against Defendant Carney based on his testimony at the preliminary hearing because they are not plausible, and amendment would be futile. The Fourth Amendment false arrest and false imprisonment claims based on Bey's June 7, 2022 arrest will be stayed pending the resolution of the state court charges. Bey may move to lift the stay when his charges are finally resolved, including any appeals. An appropriate Order will be entered.

*NITZA I. QUIÑONES ALEJANDRO, J.*